PARRENTS v. BANK OF RECTOR.

4-3131

Opinion delivered October 16, 1933.

*C. T. Bloodworth,* for appellant.
*O. T. Ward,* for appellee.

McHANEY, J. On November 18, 1924, a decree of divorce was entered in Clay Chancery Court wherein Charles Hesket was plaintiff and appellant, M. C. Hesket, was defendant on the ground that appellant had deserted her husband for the statutory period. Prior to the divorce decree, the parties had entered into a property settlement contract which the court incorporated in this decree as follows:

"It is further ordered, adjudged and decreed that the settlement between the parties as to the rights of property heretofore agreed upon be and the same is by the court approved. Said agreement as to the property herein is in words and figures as follows, to-wit: 'This agreement of arbitration between Charles Hesket and M. C. Hesket, his wife, is a division of personal property. M. C. Hesket agrees to take one-third of Charles Hesket's personal property for her dower in said property which has been divided by mutual consent of both parties and one-third of notes and seasons book of jacks for the year 1923.'

" 'And further agree to take $50 a year for M. C. Hesket's dower on the following tract of land described as follows: Section 22, township 20, range 6, acres 40; southeast northwest; north five-eighths northeast southwest, section 22, township 20, range 6 east; southwest 25 acres; north five-eighths northwest southeast, section 22, township 20, range 6, 25 acres.

" 'M. C. Hesket is to receive $50 a year on this 90 acres described in this writing, commencing in the year 1924, and so on the succeeding years during her lifetime and further agree to hold no dower in the following tract of land described as follows: Northeast northeast, section 28, township 20, range 6, acres 40. Charles Hesket claims the right to have this recorded by notary public and also M. C. Hesket the same right.' "

Thereafter on December 23, 1924, appellant mortgaged the 90 acres above-described, describing it more accurately and correctly in the mortgage, to the Bank of Rector to secure an indebtedness to it. Hesket died without satisfying his indebtedness to the bank, and it brought

a suit against his heirs to foreclose said mortgage. In April, 1932, appellant intervened in said foreclosure suit admitting the execution of the note and mortgage as alleged in the foreclosure suit and setting up the divorce proceedings and the contract incorporated in the above decree, and praying that the land be sold subject to her rights of $50 per year during her life. The trial court denied the relief prayed, dismissed her intervention for want of equity, and she has appealed.

The trial court correctly so held. Conceding without deciding that the description of the ninety acres of land set out in the contract between her and her husband was sufficiently definite, we are of the opinion that the divorce decree was insufficient to establish any lien on the land for the $50 a year he had agreed to pay her for her dower interest therein. The divorce cut off the right of dower, and she has to depend upon her contract. While this contract was signed by the parties, it was not acknowledged or placed of record, nor was it subject to record. The divorce decree incorporating it therein failed to render any judgment against Charles Hesket for said sum or to declare a lien upon the land therefor. Under this situation, there was nothing in the record of the chain of title to bring home notice to appellee that appellant had or claimed any interest therein. Appellee was therefore an innocent purchaser, and its title was superior to any claim or equity of appellant therein.

Affirmed.